[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISQUALIFY
In this case the plaintiff, Emily Kocsis, was on the trunk of her father Jeffrey Kocsis' vehicle. At the time the car was being driver by Stephen Gerencser. The plaintiff fell off the vehicle and was injured. She has brought suit in two counts. In the first count, she claims she was injured due to the negligent operation of the motor vehicle by Mr. Gerencser. In this count, her father, Jeffrey Kocsis, is also a defendant; the plaintiff claims that at the time of the accident Gerencser was operating the vehicle as CT Page 97 the implied agent and/or servant of the defendant Jeffrey Kocsis and was using the vehicle with the latter's implied permission and consent.
In the second count, the plaintiff makes a claim against the Travelers Indemnity Company. She claims that company insured her to the amount of $300,000 for any personal injuries she might sustain due to the negligent operation of a motor vehicle by an uninsured or underinsured motorist. She claims she sat on the car to prevent it from being driven off and, without warning, the defendant Gerencser drove off causing her injury. In this count it is alleged Gerencser was operating the car without the knowledge and consent of Jeffrey Kocsis. She alleges there was no liability insurance coverage to compensate her for the injuries she suffered on the car operated by Gerencser which he operated in a negligent manner. Pursuant to the insurance contract, the plaintiff seeks recovery for her injuries and losses from the defendant Travelers.
The law firm of DelSole and DelSole does defense work for the Travelers and has entered an appearance for Jeffrey Kocsis pursuant to his contract for insurance with the Travelers. The answer to the first count denies that the defendant Jeffrey Kocsis was negligent and denies that Gerencser operated the vehicle with the implied permission and consent of or as agent and servant of the defendant Jeffrey Kocsis.
The answer to the second count states Travelers had issued a policy to Jeffrey and Susan Kocsis providing for uninsured and underinsured motorist coverage in accordance with certain provisions entitled "Uninsured Motorist Coverage — Connecticut (non-stacked)" in the amount of $100,000 for persons who qualify as insured under the policy. The answer goes on to state that the defendant Travelers is without knowledge as to whether the plaintiff, Emily Kocsis, was an insured under the policy and leaves the plaintiff to her proof.
In a special defense, the defendant Travelers maintains that if in fact the plaintiff is entitled to recover damages from the owner or operator of the motor vehicle pursuant to the Second Count's allegations, the defendant Travelers obligation to make payment is limited to damages sustained by the plaintiff but in no event to exceed the amount of uninsured motorist coverage available to the plaintiff ($100,000) minus applicable reductions and set-offs. CT Page 98
Counsel for the plaintiff Emily Kocsis has filed a motion to disqualify the DelSole law firm from representing both co-defendants, Jeffrey Kocsis and Travelers. He concedes in the first count that Jeffrey Kocsis is an adversarial party to the plaintiff insofar as the allegations in count one are concerned. The motion goes on to state that "there is no question that he is not in an adversarial relationship with his daughter, the plaintiff, Emily Kocsis, in count two of her complaint." The father's testimony is "critical" to the uninsured motorist benefits claim "as there is a question of whether or not the plaintiff, Emily Kocsis, will be able to stack the three automobile uninsured motorist policies held by her family" at the time of this incident. The father's testimony as to the Second Count "will be in direct conflict with the interests of the defendant, The Travelers Insurance Company, Inc." The motion refers to § 1.7 of the Rules of Professional Conduct which is characterized as saying that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless certain conditions are met. The motion goes on to state that private counsel for Jeffrey Kocsis has informed him, plaintiff's counsel, that Mr. Kocsis had brought his concern about a conflict of interest to the attention of the DelSole firm and has requested separate counsel. Based on the request, the DelSole firm should not represent both co-defendants in this matter.
The plaintiff further asserts, based on § 1.6 of the rules, that the DelSole firm should be disqualified from representing either co-defendant as the firm has been privy to confidential information from both defendants, Jeffrey Kocsis and The Travelers.
There are several matters to note preliminarily. The first question of interest is why these claims are being brought in one lawsuit. Shouldn't the claim against Gerencser and the father be severed from the claim against Travelers? If that were to be done and appropriate orders were entered on the scope of appropriate discovery, for example, why would there have to be disqualification at this stage of the proceedings? Because at some later time counsel for Travelers in separate litigation may or will take a position adverse to the interests or desires of a party it is required to defend in an earlier action that does not mean disqualification from representation on the preliminary matter is required. This is especially so since the plaintiff is CT Page 99 not a minor and the father here in his representative capacity is not a party to this action.
Furthermore, how does the plaintiff have standing to move to disqualify the lawyer representing a defendant against which she has brought suit? It would seem to the court that the father, acting through his own counsel, is the only proper party to bring a motion for disqualification.
Concerning the merits of the motion, it is clear that "the appearance of impropriety" is, standing alone, an insufficient ground to disqualify an attorney. Broad claims are made here that there is a conflict of interest; that, as to the second count, the father will be taking an adversarial position contrary to that of The Travelers; that the DelSole firm should in fact not represent either party since it already has had access to confidential material. But what is the exact claim made by the father as to stacking? Does he claim Travelers made misrepresentations; that the language of the policy gives him rights that the company is now foreswearing? Is the basis of the father's claim that an agent misled him as to the extent of coverage? Was this agent independent of Travelers? If the latter is the case, how are the interest of the father and Travelers necessarily adversarial?
In any event, there is no basis for me to act on this motion at the present time. The court has problems with the fact that the plaintiff is bringing the motion. If the motion were to be brought in an appropriate manner, testimony would be needed to elucidate why a present conflict exists between Mr. Kocsis and Travelers. The exact nature of the alleged conflict of interest between Kocsis and Travelers must be explicitly spelled out for the court to indicate there is some impropriety at the presenttime from the DelSole firm representing Mr. Kocsis and Travelers.
None of this has been established for the court and, leaving aside the question of whether it could be prior to the resolution of the underlying liability action, the court will deny the motion to disqualify at the present time.
There is also reference made to the fact that certain confidential information has already come to the attention of the DelSole firm which would disqualify it from representing Kocsis or Travelers even though the uninsured motorist claim must necessarily follow the resolution of the liability claim. Again, CT Page 100 the court has difficulty with the plaintiff's standing to move to disqualify and again there is nothing provided in the way of elucidation as to what the confidential information might be.
The motion to disqualify is denied.
Corradino, J.